UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
    **Plaintiff**
v.                                                   Case Number 8:00CR284-001

                                                 USM Number 16667-047

**UBALDO LOPEZ JR.**
    **Defendant**
                                                  **MICHAEL J. HANSEN**
                                                  **Defendant's Attorney**

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to allegation number 1 of the Petition for Warrant or Summons for Offender Under Supervision (filing 42).

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following violation:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 (Standard Condition #1) | The defendant shall not commit another federal, state, or local crime. | December 28, 2006 |

**Original Offense:** Count IV of the Indictment: Possession with Intent to Distribute at least 50 grams of Methamphetamine, in violation of 21 U.S.C. 841(a)(1).

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Allegation numbers 2, 3, and 4 of the Petition for Warrant or Summons for Offender Under Supervision (filing 42) are dismissed on the motion of the United States.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
July 30, 2007

s/ Warren K. Urbom
United States Senior District Judge

August 7, 2007

Defendant: UBALDO LOPEZ JR.  Page 2 of 5
Case Number: 8:00CR284-001

## IMPRISONMENT

**It is ordered** that the defendant's supervised release is revoked. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **10 months**.

[X]  The Court makes the following recommendations to the Bureau of Prisons:

**That the defendant receive credit for time served in federal custody pending disposition of this matter.**

**That the defendant is in need of drug treatment and counseling and therefore he should participate in the 500 Hour Comprehensive Drug Abuse Treatment program and receive drug counseling and, in addition, such treatment as deemed necessary.**

**Upon oral motion of the defendant, the Court recommends to the Bureau of Prisons that the sentence be served at FCI Waseca, Minnesota.**

[X]  The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt , above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____
_____

UNITED STATES WARDEN

By:_____

Defendant: UBALDO LOPEZ JR.  Page 3 of 5
Case Number: 8:00CR284-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **50 months**. Said term shall run concurrently to the term of supervised release imposed on July 30, 2007, in 4:07CR3011, USA v. Ubaldo Lopez-Gonzalez.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The requirement of 18 U.S.C. § 3583 (d) regarding drug testing within fifteen (15) days of release on supervised release and to at least two (2) periodic drug tests thereafter, is suspended until further order of the Court because it appears the defendant will be deported.

The defendant shall submit to and pay for testing, as requested by any U.S. Probation Officer to detect the presence of controlled substances in the defendant's bodily fluids in order to determine whether the defendant has used any of those substances.

The defendant shall comply with all rules and regulations of the Immigration and Naturalization Serve and, if deported, shall not reenter the United States or reside therein without the express, written permission of the Attorney General of the United States or such attorney's designee.

The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation Officer to determine the presence of controlled substances, firearms or any other contraband. Any such items found may be seized by the United States Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups for alcohol and/or controlled substance abuse, as directed by the United States Probation Officer.

The defendant shall provide the United States Probation Officer with access to any requested financial information.

The defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement and/or reentry to the United States.

Defendant: UBALDO LOPEZ JR.                                                                                                           Page 4 of 5
Case Number: 8:00CR284-001

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. The defendant shall not leave the judicial district without the permission of the court or probation officer;
3. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. The defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. The defendant shall notify the probation officer at least **ten (10) days prior** to any change in residence or employment;
8. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places specified by the court;
10. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;
13. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. As directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
15. The defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;
16. The defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and
17. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: UBALDO LOPEZ JR.                                                                                          Page 5 of 5
Case Number: 8:00CR284-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$100.00** | | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) costs of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

(X)  in full immediately. This amount shall be deducted from the defendant's prison earnings or other funds available to defendant during his incarceration. Any remaining unpaid balance of the special assessment shall be paid within fifteen (15) days of the defendant's release.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk